UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RAYMOND J. TRAYLOR, SR., | Case No. 19-CV-0089 (DSD/SER) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA and HENNEPIN COUNTY, | |
| Respondents. | |

Petitioner Raymond J. Traylor, Sr., is currently awaiting trial on charges of criminal sexual conduct in Minnesota state court.[1] *See State of Minnesota v. Traylor*, No. 27-CR-18-12641 (Minn. Dist. Ct.). Traylor avers that he is innocent of the charges, that the judge presiding over his case is biased against him, and that his continuing detention in jail pending those charges amounts to a violation of his Fourth Amendment rights. On those grounds, Traylor seeks federal habeas corpus relief.

This matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] Based on that review, this

---

[1] Traylor also recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2014 conviction on two counts of first-degree criminal sexual conduct. *See Traylor v. Commissioner of Corrections*, No. 18-CV-1583 (JNE/SER) (D. Minn.). The instant habeas petition attacks the validity of a separate prosecution and is therefore not "second or successive" within the meaning of 28 U.S.C. § 2244(b).

[2] Although Traylor is currently in custody pursuant to a state-court judgment, he does not challenge that judgment in these proceedings. Traylor's petition is therefore not

Court concludes that Traylor's petition for a writ of habeas corpus is premature and that Traylor must first exhaust all available state remedies before seeking federal habeas relief. Accordingly, it is recommended that this matter be dismissed without prejudice.

The general federal habeas corpus statute, 28 U.S.C. § 2241, does not include an express exhaustion requirement. In the interests of comity, though, federal courts have long required state detainees proceeding under § 2241 to exhaust available state-court remedies before seeking habeas corpus relief. *See, e.g.*, *Sacco v. Falke*, 649 F.2d 634, 636-37 (8th Cir. 1981). "Ordinarily, a state detainee must await the entry of a final state court judgment in order to satisfy the exhaustion of state remedies requirement and qualify for federal habeas corpus review." *Politano v. Miller*, No. 08-CV-0238 (PJS/FLN), 2008 WL 906300, at *3 (D. Minn. Mar. 31, 2008) (collecting cases). "'Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction . . . .'" *Sacco*, 649 F.2d at 636 (citing *Wingo v. Ciccone*, 507 F.2d 354 (8th Cir. 1974)).

As mentioned above, the criminal prosecution at issue in this matter remains ongoing in state court. Not unless the claims raised in Traylor's petition demonstrate "extraordinary circumstances" should those claims be considered by the Court at this time. *Id.* Such "extraordinary circumstances" have chiefly been limited to double-jeopardy claims, *see Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992); and speedy-trial violations, *see Fuller v. Minnesota*, No. 17-CV-0898 (PJS/TNL), 2017 WL 5198156,

---

governed by § 2254. *See* 28 U.S.C. § 2254(a). That said, the Rules Governing Section 2254 Cases may nevertheless be applied to Traylor's petition. *See* Rule 1(b).

at *3-4 (D. Minn. Sept. 29, 2017) (collecting cases), though sufficiently plausible allegations of "bad faith without hope of obtaining a valid conviction" by state officials may also suffice, *see Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

The first two of those exceptions are irrelevant here; Traylor alleges neither that the ongoing prosecution amounts to double jeopardy nor that his speedy-trial rights have been violated during the course of the prosecution. Traylor does, by contrast, claim that the prosecution against him is made in bad faith, there being (he argues) no probable cause to believe that he has committed the crimes alleged. That said, Traylor's allegations of bad faith by the prosecution and court officials are remarkably flimsy. Although Traylor believes that he has evidence tending to prove his innocence of the offenses for which he is being prosecuted, the allegations cited by Traylor as exculpatory — that the minor victim's account of the alleged offense has varied over time, and that the mother of the victim has said and written kindly things about him, including recently — hardly establish, even if accepted as true, that the prosecution is acting with in *bad faith* in prosecuting him for the alleged offenses. If Taylor is correct that the evidence against him is insufficient to convict, or that a reasonable factfinder could not conclude following a full presentation of the evidence that he is guilty of the charged offenses, regular state-court processes will be sufficient to vindicate his rights. Should the state courts act contrary to or unreasonably apply federal law, or should the state courts reach a decision based upon an unreasonable determination of the facts, Traylor may return to federal court and seek habeas corpus relief following the full exhaustion of state-court processes. *See* 28 U.S.C. § 2244(b), (d). But comity requires that the Minnesota courts

be afforded the initial opportunity to adjudicate Traylor's claims.  Nothing in Traylor's petition demonstrates exceptional circumstances such that the usual exhaustion requirements should be subverted.

Accordingly, Traylor's federal habeas corpus petition should be dismissed without prejudice to his right to re-litigate his claims in federal habeas corpus proceedings in the future, if necessary, following the exhaustion of state remedies.  Only two matters merit further comment:

First, should the petition be dismissed as recommended, Traylor's application to proceed *in forma pauperis* may also be denied.  *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).

Second, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); *accord Evans v. Circuit Ct. of Cook County, Illinois*, 569 F.3d 665, 666 (7th Cir. 2009) (concluding that "a state prisoner being held after an indictment or preliminary hearing, who seeks pretrial release, needs a certificate of appealability in order to appeal from a district court's decision denying a petition for a writ of habeas corpus.").  A certificate of appealability ("COA") cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This Court finds that Traylor has not made the necessary showing, and it is doubtful that any other court, including the Eighth Circuit Court of Appeals,

would resolve Traylor's petition differently than is being recommended here. It is therefore recommended that Traylor not be granted a COA.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMEDNED THAT:

1. The petition for a writ of habeas corpus of petitioner Raymond J. Traylor, Sr. [ECF No. 1] be DISMISSED WITHOUT PREJUDICE.

2. Traylor's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

3. No certificate of appealability be issued.

Dated: February 26, 2019                    s/ *Steven E. Rau*
                                            Steven E. Rau
                                            U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).